

2011 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-30-2011

# In Re: Noel Bango

Precedential or Non-Precedential: Non-Precedential

Docket No. 10-4790

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2011

Recommended Citation

"In Re: Noel Bango " (2011). *2011 Decisions.* Paper 1566.
http://digitalcommons.law.villanova.edu/thirdcircuit_2011/1566

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2011 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

GLD-144                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4790
_____

IN RE:  NOEL K. BANGO,
Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. Civ. No. 10-cv-06180)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
March 24, 2011

Before:  AMBRO, CHAGARES and GREENBERG, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  March 30, 2011 )
_____

OPINION
_____

PER CURIAM

Pro se petitioner, Noel Bango, has filed a mandamus petition pursuant to 28

U.S.C. § 1651, wherein he apparently seeks to compel the United States District Court for

the District of New Jersey to rule on a motion for emergency injunctive relief which was

filed on December 28, 2010.  Finding no basis for granting mandamus relief, we will

deny the petition.

1

From a review of the District Court docket, an order denying the underlying petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241, as well as Bango's motion for emergency injunctive relief, was entered by the District Court on January 3, 2011. Accordingly, Bango's petition for writ of mandamus seeking to compel the District Court to dispose of his motion is moot.

To the extent Bango now wishes to challenge the District Court's disposition of his § 2241 petition, his motion for emergency injunctive relief, or both, such review is available in the form of an appeal to this Court. Of course, a notice of appeal from the District Court's January 3, 2011 order had to be filed within the time prescribed by Fed. R. App. P. 4(a)(1)(B), i.e., within 60 days of the date of entry of the judgment or order appealed. If petitioner believes that the appeal period should be extended or reopened, he should promptly file the appropriate motion in the District Court. See Fed. R. App. P. 4(a)(5) and 4(a)(6).

For the foregoing reason, the petition for a writ of mandamus will be denied.